# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:18-CR-00281 |
| | (Judge Brann) |
| v. | |
| JEFFREY G. BOYD, | |
| Defendant. | |

## MEMORANDUM OPINION

### FEBRUARY 11, 2019

## I.   BACKGROUND

On August 21, 2018, Jeffrey G. Boyd was indicted by the Government on one count of violating 18 U.S.C. § 922(g)(8), which states:

> (g) It shall be unlawful for any person—
> (8) who is subject to a court order that--
> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
> (C)
> > (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
> > (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

On December 6, 2018, Boyd filed a Motion to Strike Surplusage from the Indictment.[1] The motion has been fully briefed and is now ripe for disposition. For the reasons that follow, the motion is denied.

## II. DISCUSSION

Federal Rule of Criminal Procedure 7(d) provides that, upon motion by a defendant, "the court may strike surplusage from the indictment or information." The purpose of this rule is to protect "the defendant against immaterial or irrelevant allegations in an indictment or information, which may . . . be prejudicial."[2] While motions to strike surplusage are rarely granted,[3] "the court may strike surplusage from the indictment or information when it is both irrelevant (or immaterial) and prejudicial."[4] As the United States Court of Appeals for the Third Circuit explained:

> Logic demands the conjunctive standard: information that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not

---

[1] ECF No. 51.

[2] Fed. R. Crim. P. 7(d) Advisory Committee's Note.

[3] *U.S. Hedgepeth*, 434 F.3d 609 (3d Cir. 2006) (citing *U.S. v. Alsugair,* 256 F. Supp. 2d 306, 317 (D.N.J. 2003)).

[4] *Hedgepeth*, 434 F.3d at 612.

be struck if there is no evidence that the defendant was prejudiced by its inclusion.[5]

Here, Boyd argues that the offending language in the indictment is the emergency order of protection which "by its terms explicitly required Boyd to immediately surrender all firearms and other dangerous weapons within his possession or control and any concealed carry license to law enforcement." Because Boyd identified this as the 'immediate surrender provision,' the Government, logically, thought Boyd's argument was based on an aversion to the word 'immediate,' and the Government's arguments in opposition to Boyd's motion respond accordingly.

Boyd attempted to clarify the issue in his reply brief as follows: "His argument is as stated in his Motion to Strike: the fact that the Emergency Order of Protection includes a surrender provision is irrelevant, and the jury is very likely to confuse Mr. Boyd's alleged noncompliance with the immediate surrender provision of the EOP—a matter of Oklahoma, not federal, law—with the alleged federal offense for which he has been indicted here."[6]

I respectfully disagree.

---

[5] *Id.*

[6] ECF No. 68 at 2-3.

Boyd argues that the offending language seeks to improperly convict him of violating the explicit terms of the Oklahoma order. "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime."[7] Standing alone, Boyd's argument that the indictment references his contempt of the Oklahoma order is an insufficient basis to strike this language.

Additionally, "this rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."[8] As in issue of first impression, the Third Circuit has held that "upon the defendant's timely motion, the court may strike surplusage from the indictment or information when it is both irrelevant (or immaterial) and prejudicial."[9]

In this matter, however, I do not find that both conditions precedent exist. I find instead that the language in the indictment is relevant as to the timing within which Boyd was to turn over his firearms, and why Boyd cannot argue that he was justified in continuing to possess a firearm on July 31, 2018.

---

[7] *United States v. Miller*, 471 U.S. 130, 136 (1985).

[8] Fed.R.Crim.P. 7(d) Advisory Committee's Note.

[9] *Hedgepeth* at 612.

Section 922(g) prohibits persons subject to certain types of protective orders from transporting firearms in interstate commerce. The language in the indictment merely explains the parameters of the Oklahoma protective order.

The Oklahoma order had required Boyd to turn over his firearms to Oklahoma authorities contemporaneous with its issuance on March 19, 2018. This precludes Boyd from suggesting that he intended to travel from Oklahoma to Pennsylvania to surrender his firearms to Pennsylvania authorities in late July 2018, while carrying the firearms in interstate commerce.

Conversely, had Boyd been in Pennsylvania with a firearm at the time the Oklahoma order issued then traveled in interstate commerce from Pennsylvania to Oklahoma to surrender his firearms to authorities, he would certainly argue an excuse/justification defense at trial: that he was travelling in interstate commerce with the sole intent of surrendering the firearms to Oklahoma authorities in compliance with the Oklahoma order.

The language at issue is relevant, therefore, not as an independent charge of contempt to the Oklahoma order, but to foreclose an excuse/justification defense from Boyd as to his travel in interstate commerce with a firearm more than four months after he was legally obligated to surrender his firearms.

Additionally, the jury will not be charged to find Boyd in contempt of the Oklahoma order. The jury will only be charged to find whether he was subject to a

defined species of protective order and transported a firearm in interstate commerce pursuant to 18 U.S.C. § 922(g)(8).

Boyd may request a limiting instruction at trial pursuant to Federal Rule of Evidence 105.

## III. CONCLUSION

The alleged surplusage is relevant and not prejudicial; it will not be struck. The motion will be denied by separate Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge