**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA, | No. 4:18-CR-00281 |
|---|---|
| | (Judge Brann) |
| v. | |
| JEFFREY G. BOYD, | |
| Defendant. | |

**MEMORANDUM OPINION**

**FEBRUARY 11, 2019**

## I.    BACKGROUND

Defendant, Jeffrey G. Boyd, was indicted on one count of violating 18 U.S.C. § 922(g)(8) for being a person subject to a protective order who travelled in interstate commerce with a firearm.  A date certain trial has been set to commence March 18, 2019, and the Government and Defendant have both filed cross-motions in limine.

## II.    DISCUSSION

*Motions in limine* are threshold motions, those through which courts will typically deny and defer a ruling until the time of trial (outside of the presence of the jury), unless the evidence is clearly inadmissible prior to trial. Determinations on *motions in limine* are preliminary rulings, those which the Court may adjust after the evidence has been developed at trial. Although neither the Federal Rules

of Evidence nor the Federal Rules of Civil Procedure expressly acknowledge *motions in limine* or provide for their use, "the practice has developed pursuant to the district court's inherent authority to manage the course of trials."[1]

The Government's motion requests that the Court preclude the Defendant from attacking the predicate order of protection. Defendant is requesting that the Court preclude the Government from bolstering the order of protection; show that the order directed Boyd to surrender his firearms; preclude evidence of alleged threats by Boyd directed at the President and first family; and finally, preclude evidence probative of Boyd's mental health.

First, Defendant is precluded from collaterally attacking the merits of the protective order. "The overwhelming weight of federal case law precludes a defendant in a § 922(g)(8) prosecution from mounting a collateral attack on the merits of the underlying state protective order."[2] As such, the Government's motion in limine is granted.

Second, the Government will be precluded from presenting evidence as to the events that precipitated the entry of the protective order. "Indeed, it would be highly prejudicial to delve into the allegations of the complaining witness or the

---

[1] *Luce v. United States*, 469 U.S. 38, 31 n.4 (1985).

[2] *United States v. Myers*, 581 F. App'x 171, 174 (4th Cir. 2014) *quoting United States v. Reese*, 627 F.3d 792, 804–05 (10th Cir.2010). *See also, United States v. Hicks*, 389 F.3d 514 (5th Cir.2004), *United States v. Cline*, 362 F.3d 343, 349 (6th Cir. 2004).

Defendant's version of the events."[3]  "This federal trial is not about what happened to prompt the no-contact order, only the consequences arising from its implementation."[4]  However, the scope of the protective order and the notice to the Defendant are relevant as to the elements of the offense charged, but the Government has acknowledged that the document (the protective order) speaks for itself.  Thus, the protective order itself is admissible, even though the events leading up to its issuance are not.  Defendant's motion is granted to this extent.

Third, the Government will be permitted to present the entire protective order document, including the firearm surrender provision term.  The surrender provision is relevant under Federal Rule of Evidence 401 and its probative value is not substantially outweighed by unfair prejudice, or confusing or misleading the jury under Federal Rule of Evidence 403.  However, in accordance with Federal Rule of Evidence 105, counsel may request a limiting instruction.

Fourth, the witnesses will be permitted to testify as to the alleged threats to President Trump.   The evidence, 'completes the story,' and "can be accomplished without circumventing Rule 404(b)."[5]

---

[3]  *United States v. Mailoto*, No. 2:17-CR-0148-TOR, 2018 WL 2090195, at *3 (E.D. Wash. May 4, 2018).

[4]  *Id.*

[5]  *United States v. Green*, 617 F.3d 233, 247 (3d Cir. 2010).

Rule 404(b)(1) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) goes on to state:

> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B ) do so before trial - or during trial if the court, for good cause, excuses lack of pretrial notice.

The notes to the rule state that "no mechanical solution is offered."[6] Furthermore, "the determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision of this kind under Rule 403."[7] The admissibility of evidence of uncharged criminal activity is limited only by rule governing unduly prejudicial evidence and is not subject to the limiting requirements of the rule governing admission of other crime evidence.[8]

---

[6]   Fed. R. Evid. Ann. 404(b) notes.

[7]   *Id.*

[8]   *See U.S. v. Gilmer*, 534 F.3d 696 (7th Cir. 2008).

"Rule 404(b) is a rule of inclusion rather than exclusion."[9]  "Although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance—for the purpose of proving that a person's actions conformed to his character."[10]  "The purpose of Rule 404(b) is "simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person, implying that the jury needn't worry overmuch about the strength of the government's evidence."[11]

"To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it."[12] "A proper purpose is one that is "probative of a material issue other than character."[13]  "The evidence must fit 'into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged.'"[14] "One proper

---

[9]   *U.S. v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000).

[10]  *Id.* at 929-30 (internal citations omitted).

[11]  *Green*, 617 F.3d at 249.

[12]  *Green*, 617 F.3d at 249 *citing United States v. Butch,* 256 F.3d 171, 175 (3d Cir.2001).

[13]  *Id.* at 250 *citing Huddleston v. U.S.,* 485 U.S. 681, 686  (1988).

[14]  *Id.  citing U.S. v. Himmelwright,* 42 F.3d 777, 782 (3d Cir.1994).

purpose under Rule 404(b) is supplying helpful background information to the finder of fact."[15]

I find that the evidence here is admissible for this purpose. Testimony as to the alleged threats explains why the complainant, Kathryn Kelchner, went to the police, and it further explains one of the reasons officers went in search of Boyd. The United States Court of Appeals for the Third Circuit recognized in *United States v. Green* that Rule 404(b) applies to more than just a Defendant. "[Rule 404(b)] does not specify that evidence is only admissible to prove **the defendant's** motive, opportunity, or intent."[16] The *Green* Court cited to UC Davis School of Law Professor Edward J. Imwinkelried in stating that "other crimes evidence may be admissible 'to explain the conduct of the police, ... the victim, an informer, a government witness, or the defendant.' "[17]

A discussion of Rule 404(b) is incomplete without a contemporaneous examination of Rules 402 and 403. The Court may still exclude the evidence on the basis that it is "unfairly prejudicial, cumulative or the like, its relevance notwithstanding."[18] The evidence is relevant for the same reason that it is probative – it explains Kelchner's and the troopers' actions. Its probative value is not

---

[15]  *Id.*

[16]  *Id.* (internal citation omitted) (emphasis in original).

[17]  *Id. citing* Edward J. Imwinkelried, UNCHARGED MISCONDUCT EVIDENCE § 6:12 (2009).

[18] *Old Chief v. U.S.*, 519 U.S. 172, 179, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

substantially outweighed by the danger of unfair prejudice, focusing the issues, or misleading the jury. Counsel may, of course, request a limiting instruction here.

Finally, the Government has indicated that it "does not intent to introduce direct evidence of the defendant's mental health at trial,"[19] and will be precluded from doing so. However, the Government goes on to state that the Defendant's own statements should be admitted because they are "relevant to the crime charged, they provide context [to] the female witness's initial concern, they are not overly prejudicial, and there is no legal reason to suppress them."[20] Boyd's statements are indeed "admissible as admissions by a party-opponent under Fed.R.Evid. 801(d)(2)(A)."[21]

## III.    CONCLUSION

The Government's motion will be granted. Defendant's motion will be granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

---

[19]  ECF No. 70 at 12.

[20]  *Id.*

[21]  *United States v. Porter*, 544 F.2d 936, 938 (8th Cir. 1976); *See also United States v. Battles*, 514 F. App'x 242, 250 (3d Cir. 2013) *and see United States v. Waters*, 138 F. App'x 460, 462 (3d Cir. 2005).

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge