IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : 3:18-cr-00281 |
| | : |
| v. | : (Judge Brann) |
| | : |
| JEFFREY G. BOYD | : (Electronically Filed) |

MOTION FOR RELEASE PENDING APPEAL

AND NOW comes defendant Jeffrey G. Boyd, by his attorney, Elliot A. Smith, Assistant Federal Public Defender, filing this Motion for Release Pending Appeal, based on the following:

1. On August 21, 2018, a grand jury indicted Mr. Boyd for an alleged violation of 18 U.S.C. § 922(g)(8).

2. Mr. Boyd entered a plea of not guilty on August 27, 2018.

3. Mr. Boyd was convicted by a jury verdict on March 21, 2019.

4. Under 18 U.S.C. § 3143(b), the Court may release a defendant "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" where the—

> judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and (B) that the appeal is not for the purpose of delay and raises a substantial

>question of law or fact likely to result in (i) reversal [or] (ii) an order for a new trial.

5. On June 21, 2019, in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held "that the word 'knowingly' [for purposes of 18 U.S.C. § 924(a)(2) and 19 U.S.C. § 922(g)] applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194.

6. Mr. Boyd asked the Court to instruct the jury that the government was required to prove that Mr. Boyd knew he had the relevant status when he possessed a firearm. (*See* Def't's Proposed Jury Instructions, ECF No. 82 at 3-4; Trial Tr., Mar. 20, 2019, 49:03-49:14).

7. The Court's failure to instruct the jury on an element of the offense constitutes constitutional error, and the Court of Appeals will not hold the error harmless unless, after "conduct[ing] a thorough examination of the record," that Court "conclude[s] beyond a reasonable doubt that the jury verdict would have been the same

2

absent the error." *Neder v. United States*, 527 U.S. 1, 19 (1999). Inasmuch as the issue of Mr. Boyd's status was hotly contested at trial, it is unlikely that the Court of Appeal will hold that the error was harmless.

8. In addition to the instructional error, this Court erroneously admitted, over objection, substantial amounts of unfairly prejudicial evidence probative of alleged threats against the President and Mr. Boyd's mental health, all in the name of allowing the government to establish background. *See United States v. Sallins*, 993 F.2d 344 (3rd Cir. 1993) ("In criminal cases, an arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of his presence and conduct. His testimony that he acted 'upon information received,' or words to that effect, should be sufficient. . . . The need for [additional background] is slight, the likelihood of misuse great.") (quoting 2 *McCormick On Evidence* § 249, at 104 (4th ed.1992)).

9. This Court also erroneously precluded cross-examination into the bias of the prosecution's most critical witness on the ground that

"Federal Rule of Evidence 608 speaks to this completely," (Trial Tr., Mar. 20, 2019, 28:07-28:08) when in fact the Rule does not apply to examination eliciting bias. *See* Paul F. Rothstein, *Federal Rules of Evidence*, Rule 608 (3d Ed.) ("[T]he impeachment in this case really was impeachment by bias rather than general character for non-veracity, and as such is not subject to Rule 608 at all, but only Rule 403.").

10. This Court also erroneously overruled defense counsel's objections to government's repeated accusation, in the jury's presence, that Mr. Boyd and defense counsel "attempted to mislead [the jury]," and "fool" the jury. (Trial Tr., Mar. 21, 2019, 12:17-13:10; 17:04-17:06; 55:04-55:08). *See United States v. McLain*, 823 F.2 1457, 1462 (11th Cir. 1987) ("To discredit defense counsel in front of the jury is improper, and even subsequent jury instructions aimed at rectifying this error may not ensure that these disparaging remarks have not already deprived the defendant of a fair trial. Such remarks are plain error as they affect substantial rights of the defendant.") (overruled on other grounds).

11. This Court also erroneously denied Mr. Boyd's motion to suppress (misconstruing Supreme Court and Pennsylvania law concerning "threats"), among other motions.

12. In light of these errors, taken separately or in combination, the Court of Appeals should award Mr. Boyd a new trial.

13. In addition, for reasons expressed in his sentencing memorandum, Mr. Boyd is not likely to flee or pose a danger to the safety of any other person or the community if released.

14. Local Rule 7.5 permits the filing of a brief in support of a motion within 14 days after the filing of the motion.

WHEREFORE, the defendant, Jeffrey G. Boyd, should he be sentenced to further imprisonment, asks this Court for release pending appeal.

                                        Respectfully submitted,

Date: August 7, 2019               <u>s/ Elliot A. Smith</u>
                                        Elliot A. Smith
                                        Assistant Federal Public Defender
                                        Attorney ID No. NY 5073275

                                        201 Lackawanna Avenue, Suite 317
                                        Scranton, Pennsylvania  18503
                                        (570) 343-6285
                                        Fax:  (570) 343-6225
                                        Email: elliot_a_smith@fd.org

                                        Attorney for Jeffrey G. Boyd

## CERTIFICATE OF SERVICE

I, Elliot A. Smith, Assistant Federal Public Defender, do hereby certify that this document, filed electronically through the ECF system, will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

>Michelle Olshefski
>Assistant United States Attorney

and sent to the defendant by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

>Jeffrey G. Boyd

Date: August 7, 2019                s/ Elliot A. Smith
                                    Elliot A. Smith
                                    Assistant Federal Public Defender